## (March 20, 1953.)

MERVIN L. ANDERSON, Appellant, v. LOBLAW GROCETERIAS, INC., Respondent. BLANCHE ALEXANDER, as Administratrix of the Estate of REGINALD A. ALEXANDER, Deceased, Appellant, v. LOBLAW GROCETERIAS, INC., Respondent.— Judgment insofar as appealed from, reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: The release in question was competent upon the question of the amount of damages which plaintiff Anderson might be entitled to recover. It was also competent upon the credibility of Anderson as a witness. It was not competent, however, upon the question of the negligence of the plaintiff's intestate, Reginald A. Alexander, in the death action. Anderson was cross-examined at length as to what claim he had made against Alexander, the deceased or his representatives, and as to what negligent acts he had claimed on the part of Alexander. While such cross-examination may have had some bearing on the credibility of Anderson, its value was, we believe, far outweighed by the harm that was done by this indirect and repeated suggestion that Alexander, the deceased or his representatives had admitted the negligence of Alexander in connection with the happening of the accident. Anderson's action to recover damages for personal injuries and the action for the wrongful death of the

deceased Alexander were tried together. In that situation we feel that the cross-examination complained of was improper and prejudicial and that the verdicts of the jury in each case should be set aside and a new trial ordered. All concur, except Taylor, P. J., who dissents and votes for affirmance. (Appeal from part of a judgment dismissing plaintiffs' complaints on the jury's verdict of no cause of action as to plaintiffs' complaints and defendant's counterclaim against plaintiff Alexander, in two automobile negligence actions consolidated by court order.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.